UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PEDRO CARRANZA,<br><br>               Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, *et al*,<br><br>              Defendants. | Case No.  C05-5360RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for September 23, 2005 |

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

      Because plaintiff has failed to properly respond to the undersigned's two prior orders to show cause to cure the deficiency in his application to proceed *in forma pauperis*, the undersigned recommends the court deny his application.

<u>DISCUSSION</u>

      On May 27, 2005, the clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1).  On June 24, 2005, the court ordered plaintiff to cure the deficiency in his application, by filing by no later than July 14, 2005, the written consent required by Local Rule CR 3(b)(2). (Dkt. #16).

      On July 12, 2005, plaintiff responded by filing an "Opposition to Order to Show Cause." (Dkt. #17).

REPORT AND RECOMMENDATION
Page - 1

1  Plaintiff appeared to base his opposition to the court's order to show cause on his opposition to having had this
2  action transferred to this court by the United States District Court for the Eastern District of Washington on
3  May 27, 2005. (Dkt. #12).
4      After having dismissed a number of plaintiff's claims, United States Magistrate Judge Michael W.
5  Leavitt for the United States District Court for the Eastern District of Washington issued an order directing the
6  transfer of this action to this court pursuant to 28 U.S.C. § 1391 and § 1406, because the only remaining
7  defendants were the staff at the Stafford Creek Corrections Center.  On August 2, 2005, the undersigned issued
8  a second order to show cause, finding plaintiff's opposition to this order to be without merit.
9      First, the undersigned found that as it is an order issued by a Magistrate Judge for the United States
10 District Court for the Eastern District of Washington, that court, not this one, is the proper forum in which to
11 file objections.  It appeared, however, that plaintiff had not done so, although he had filed objections thereto
12 with this court. (Dkt. #15 and #17).  Thus, the undersigned further found that even if this court were to find
13 merit in plaintiff's objections (a finding the undersigned does not make here), the undersigned would have no
14 authority to overturn an order issued by another district court.
15     Second, the undersigned found that this action may be properly heard by this court.  Pursuant to 28
16 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

21 In addition, 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

24 Because under Magistrate Judge Leavitt's order transferring this case, the only remaining defendant in this
25 action are the staff at Stafford Creek Corrections Center, the undersigned found that venue more properly
26 lies with this court.
27     Although plaintiff's deadline for curing the deficiency noted in his application to proceed *in forma*
28 *pauperis* was past due, the undersigned nevertheless granted him one more chance to cure that deficiency

REPORT AND RECOMMENDATION
Page - 2

by filing the written consent required by Local Rule CR 3(b)(2) by no later than August 23, 2005. Plaintiff was warned, however, that the court would not proceed any further with this matter until that deficiency is cured, and that failure to cure the deficiency by this date would be deemed a failure to properly prosecute this matter, resulting in a recommendation of dismissal.

On August 23, 2005, plaintiff responded to the undersigned's second order to show cause by filing another copy of his prison trust account and other information concerning his financial status, and another objection to the court's jurisdiction over this matter. Again, no written consent was filed.

## CONCLUSION

Because plaintiff has failed to properly respond to the undersigned's two prior orders to show cause to cure the deficiency in his application to proceed *in forma pauperis*, the undersigned recommends the court deny his application. Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **September 23, 2005**, as noted in the caption.

DATED this 30th day of August, 2005.

　　　　　　　　　　　　　　　　　／s／ Karen L. Strombom
　　　　　　　　　　　　　　　　　Karen L. Strombom
　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3